UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4078

ELIZABETH JEAN WOOD MARTINEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-97-611)

Submitted: June 23, 1998

Decided: July 23, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

C. Rauch Wise, WISE & TUNSTALL, Greenwood, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, William C.
Lucius, Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elizabeth Wood Martinez pled guilty to conspiring to use fraudulent identification documents to make and utter counterfeit payroll checks, <u>see</u> 18 U.S.C. §§ 371, 513 (1994), 18 U.S.C.A. § 1028 (West Supp. 1998). She appeals the 14-month sentence imposed on her, arguing that the district court clearly erred in finding that she was a manager or supervisor in the offense. <u>See U.S. Sentencing Guidelines Manual</u> § 3B1.1(b) (1997). Because there was no evidence that Martinez managed or supervised another participant in the offense, we vacate the sentence and remand for resentencing.

John Wood, Martinez's brother, began making counterfeit payroll checks on his computer in October 1996. Co-defendants Cindy Griffin and Robert Horne cashed twelve counterfeit payroll checks totaling $3702 with false driver's licenses and Social Security cards supplied by Wood, but ceased involvement after Horne was arrested in November 1996. Thereafter, John Wood created false Wal-Mart payroll checks which were cashed by Martinez and Ruby Wood (Martinez's mother) using false identification documents. Over the life of the conspiracy, 141 counterfeit checks worth $43,089 were cashed. In July 1997, John Wood and Martinez bought a computer store using, in part, proceeds of the check cashing scheme. Using the name Lorraine Swanson, Martinez acted as the store owner. She and John Wood also opened a bank account under false names.

To receive a three-level adjustment as a manager or supervisor, a defendant must have managed or supervised at least one other participant in a criminal activity that involved at least five participants or was otherwise extensive. <u>See</u> USSG § 3B1.1, comment. (n.2). A participant is someone who is "criminally responsible" for the offense. <u>See</u> USSG § 3B1.1, comment. (n.1). A defendant's role in the offense is a factual question and we review the district court's determination

2

for clear error. See United States v. Reavis, 48 F.3d 763, 768 (4th Cir. 1995). The district court found that Martinez was a manager or supervisor for the reasons set forth in the presentence report, i.e., that Martinez had worked with her brother to obtain the computer equipment necessary to make the checks, rented the mini-warehouse, and purchased the computer store with her brother. Martinez asserted at sentencing that she had not rented the mini-warehouse.

While Martinez was undoubtedly active in carrying out the scheme, the record is devoid of evidence that she managed or supervised any other participant in the offense.* Consequently, the district court's finding that Martinez was a manager or supervisor was clearly erroneous.

We therefore vacate the sentence and remand for resentencing without the adjustment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*In her appeal brief, Martinez also argues that she did not manage any property for the conspiracy. However, only management or supervision of a person will trigger the adjustment. See United States v. Capers, 61 F.3d 1100, 1108-09 (4th Cir. 1995) (recognizing that 1993 amendment adding Application Note 2 made substantive change in this circuit's law).

3